```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Evonna Mathis,              :

      Plaintiff,         :

  v.                        :       Case No. 2:11-cv-271

U.S. Marshal Service,       :       JUDGE EDMUND A. SARGUS, JR.
                                    Magistrate Judge Kemp
      Defendant.         :


                       REPORT AND RECOMMENDATION

Plaintiff, Evonna Mathis, has submitted a complaint against the U.S. Marshal Service and has requested leave to proceed *in forma pauperis*. She qualifies financially for a waiver of the filing fee, so the motion for leave to proceed (#1) is granted. Her case is now before the Court for an initial screening, required by 28 U.S.C. §1915(e)(2), to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the following reasons, it is recommended that the case be dismissed.

                                I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to

immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

## II.

Ms. Mathis' complaint is deficient for a number of different reasons. In order to explain why, the Court will describe the complaint in some detail.

The complaint names only one defendant, the United States Marshals Service. It identifies a number of different legal provisions which Ms. Mathis claims that the Marshals violated, including her civil rights, the Bill of Rights, the Fourth Amendment to the United States Constitution, and the right to free speech. However, the complaint's citation to these legal provisions is not a "factual allegation" and, under Twombly, the Court does not have to accept at face value Ms. Mathis' claim that any of her rights under these various laws have been violated. Rather, the Court must look closely at the complaint to see if the facts she has alleged make it plausible that a violation of her rights has occurred.

The factual portion of her complaint reads in full as follows:

> Unauthorized recording and video.  My civil rights was

> violated by wiretapping without knowledge and using
> what I said against me (freedom of speech).  There is
> no probable cause to search or seize any property of
> mine.  I am not involved in any illegal activities.  No
> probable cause to follow me or my family.  Violating my
> rights to freedom of speech - phone conversations.

The complaint does not identify any particular Marshal by name, or otherwise, who supposedly did these acts; it does not state when or where these allegedly unlawful acts occurred; and it does not describe how any words she might have said have been used against her.  That is so despite the language on the form complaint she completed which instructed her to "[d]escribe how each defendant is involved.  Include the name of all persons involved, give dates and places."

First and foremost, the United States Marshals Service is not an entity which can be sued.  Reading the complaint liberally, as the Court must do, Ms. Mathis may be asserting that individual members of the Marshals Service violated her constitutional rights, and may be bringing her claim directly under the United States Constitution as authorized by the Supreme Court's decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  However, in order to do so, she cannot simply sue the Marshals Service.  It is an agency of the United States government and, as such, is protected by sovereign immunity.  See Culliver v. Corrections Corp. of America, 211 F.3d 1268, *2 (6th Cir. April 28, 2000) (unpublished) (plaintiff had "sued the United States Marshals Service [but] [a]s an agency of the United States, [the] suit is barred by the doctrine of sovereign immunity"); see also Hurt v. U.S. Marshals Service, 210 Fed. Appx. 13, *1 (D.C. Cir. December 22, 2006) ("Sovereign immunity bars suits, such as appellant's, for money damages against an agency of the Federal Government").

Equally importantly, her complaint lacks sufficient facts to

-3-

make it plausible that she could maintain a claim for constitutional violations against any individual Marshal.  There is simply no detail to her factual allegations.  The Marshals do have power, under some circumstances, to follow citizens or to videotape their activities, especially if these actions occur within a facility like the United States Courthouse, where the Marshals are responsible for maintaining security.  Thus, in order to give the Court at least a plausible basis for concluding that the Marshals acted in violation of Ms. Mathis' rights, her complaint would have to identify where the various actions occurred and what she believes the "wiretapping" consisted of. As the court stated in Floyd v. City of Kenner, La., 351 Fed. Appx. 890, 897 (5th Cir. October 29, 2009), although a plaintiff "might not know everything about what occurred ... the bare allegation does not make it plausible that he knows anything." So, too, Ms. Mathis may not know everything about what she believes to have been done wrong by the Marshals, but her complaint does not have enough detail in it to show that she knows anything, or at least anything that would make it plausible that she could state a claim against any individual Marshal had she tried to do so.  For these reasons, the complaint cannot survive the initial review of it that is required by 28 U.S.C. §1915(e)(2).

                              III.
    For all of these reasons, it is recommended that the complaint be dismissed because the United States Marshals Service cannot be sued and because the complaint does not state any plausible claims for relief.  It is further recommended that if the Court adopts this recommendation, a copy of the complaint, this Report and Recommendation, and the order of dismissal be served on the defendant.

                              IV.

                              -4-

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge